THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-0117-D

**Amy Elizabeth Allred**,

            Plaintiff,

v.

**Jane V. Harper**, et al.,

            Defendants.

**Order &
Memorandum & Recommendation**

Plaintiff Amy Elizabeth Allred asks the court to allow her to proceed against Defendants Jane V. Harper, Lisa V. L. Menefee, Harold T. Jarrell, Jr., Thomas G. Foster, Jr., and William B. Reingold without paying the required filing fee or other costs normally associated with a civil lawsuit (otherwise known as proceeding "*in forma pauperis*" or "IFP"). In connection with its evaluation of this request, the court must also make an initial inquiry into the viability of Allred's claims. If the court determines that her Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a party who is immune from such relief it must be dismissed. 28 U.S.C. § 1915(e). After reviewing Allred's financial affidavit and her Complaint, the court orders[1] that her application to proceed IFP is granted, but recommends that the Complaint be dismissed without prejudice.

**I.    Background**

Allred, a licensed attorney who is proceeding *pro se*,[2] initiated this action on May 27, 2015, by filing an Application to Proceed IFP and a Complaint with the Clerk of Court. Allred's

---

[1] The court referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1).
[2] Although Allred is a licensed attorney, the court will accord her the typical deference accorded to *pro se* parties. The court is comfortable providing her with the leniency provided to *pro se* filers because it presumes that Allred is aware of the requirement of Rule 11 of the Federal Rules of Civil Procedure — which provide that by signing the

Complaint names five North Carolina District Court Judges, Jane V. Harper, Lisa V.L. Menefee, Harold T. Jarrell, Jr., Thomas G. Foster, Jr., and William B. Reingold, as Defendants. The Complaint alleges that the Defendants violated Allred's rights under the Fourteenth Amendment to the Constitution by the various actions they have taken in connection with child custody proceedings between Allred and her former husbands. Allred seeks compensatory and punitive damages and an order from this court which would nullify a May 20, 2015 order entered by Judge Harper. The May 20, 2015 Order appoints a Guardian Ad Litem for Allred's children and requires Allred to undergo a substance abuse assessment and a mental health evaluation.

Allred's Complaint is made up of a variety of documents. Attached to her handwritten Complaint is a copy of Judge Harper's May 22, 2015 Order, D.E. 1-2 at 1–5, numerous pages of emails between Allred and various individuals, *id.* at 6–19, a copy of an April 16, 2014 letter from the North Carolina Judicial Standards Commission dismissing complaints Allred filed against the Defendants and others, *id.* at 20–21, an image of a January 16, 2014 letter from the City of Winston-Salem regarding the release of a Winston-Salem Police Department report to the media, *id.* at 23–24, and an image of an email from an Assistant County Attorney in Forsyth County regarding the release of an unspecified document to the media, *id.* at 25. Additionally, on June 22, 2015, Allred submitted a 189 page transcript of an April 14, 2015 hearing before Judge Harper. D.E. 1-5.

Despite the number of pages Allred submitted, the basis for her claims of constitutional violations are somewhat unclear. The only explicit allegations contained in the Complaint are that Judge Jarrell modified the terms of her 2005 child custody order without providing her with

---

documents she submits to this court she is certifying that, to the best of her knowledge, the filing is not made for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; that the claims are warranted by existing law; and that factual contentions have evidentiary support — and the sanctions associated with violating this rule. Fed. R. Civ. P. 11.

notice or the opportunity to be heard. D.E. 1-1 at 2. The emails Allred included with her Complaint indicates that she takes issue with the manner in which Judge Menefee has addressed and resolved various matters she has filed in District Court, but they do not specifically identify an alleged violation of her constitutional rights. D.E. 1-2 at 7, 11. Additionally, although Allred included Judge Harper's May 22, 2015 Order, there is no explanation of how this order violated her constitutional rights. Finally, although Judges Foster and Reingold are named as Defendants, there are only passing references made to them in Allred's Complaint. *Id.* at 7 (Foster), 12 (Reingold).

## II. Analysis

### A. Application to Proceed in District Court without Prepaying Fees or Costs

In order to be considered for IFP status, a party must submit an affidavit regarding their monthly income and expenses. A review of Allred's IFP Motion (D.E. 1) reveals that her monthly expenditures exceed her monthly income. The court finds that Allred lacks sufficient resources to pay the required filing fee and other costs associated with litigation. Therefore, the court grants her IFP Motion and she may proceed without full prepayment of costs.

### B. Subject Matter Jurisdiction

Before the court may address the substance of Allred's allegations, it must determine whether it has subject matter jurisdiction over this controversy. Here, because this matter relates to a domestic relations proceeding in state court, the court lacks the necessary subject matter jurisdiction to adjudicate Allred's claims. Therefore, this action must be dismissed without prejudice.

Unlike their state counterparts, federal courts only have jurisdiction over a limited set of cases and controversies. They are "constrained to exercise only the authority conferred by Article

III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Due to the limited nature of federal jurisdiction, there is a presumption that a federal court lacks jurisdiction unless a party demonstrates otherwise. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests with Allred because she is the party invoking the court's jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction ... is on the plaintiff, the party asserting jurisdiction."). If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Here, this court lacks subject matter jurisdiction over Allred's claims due to the domestic relations abstention doctrine. This doctrine holds that federal courts should generally abstain from hearing matters involving domestic relations, *i.e.*, divorce, child custody, alimony, and child support. *See Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980) ("[T]he district courts have no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation.")). The doctrine's reach also extends to cases in which parties allege constitutional violations arising out of decisions in an ongoing child custody proceeding. *See Abessolo v. Smith*, No. 1:11–CV–00680, 2012 WL 668773, at *2–4 (S.D. Ohio Feb. 29, 2012), *adopted by*, 2012 WL 1564321 (recommending dismissal under the domestic relations abstention doctrine where the plaintiff claimed that his constitutional rights were violated by adverse decisions in a child custody matter). As Allred's claims all arise out of ongoing child custody proceedings in North Carolina District Court, the court lacks jurisdiction over this action and it should be dismissed.

C. **Screening Pursuant to 28 U.S.C. § 1915**

Even if the court determined that it had subject matter jurisdiction over Allred's claims, it would still be appropriate to dismiss this action because the Defendants are all immune from suit under the doctrines of Eleventh Amendment immunity and judicial immunity. As discussed in more detail below, the Eleventh Amendment bars Allred's official capacity claims against the Defendants and judicial immunity bars her claims against them in their individual capacities. Therefore, under the provisions of 28 U.S.C. § 1915(e), her Complaint should be dismissed.

1. **Overview of 28 U.S.C. § 1915**

As discussed above, in addition to determining whether Allred is entitled to IFP status, the court must also analyze the viability of the claims contained in her Complaint. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. Specifically, the court must dismiss any portion of the Complaint it determines is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915(e)(2)(B).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based upon an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Malicious suits are those that constitute an abuse of the judicial process. This abuse can take a number of forms: repeated filings of the same legally insufficient claims, *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 (W.D. Va. Aug. 12, 2010);

knowingly submitting a pleading that contains demonstrably false factual statements, *Galeas v. Byrd*, No. 3:11-CV-543-RJC, 2011 WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011) *aff'd*, 469 F. App'x 236 (4th Cir. 2012); filing claims that are duplicative of pending litigation, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); or submitting a pleading that contains threats or demeans the court, *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Allred's status as a *pro se* party relaxes, but does not eliminate, the requirement that her Complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547 (1967).

## 2. Immunity

Allred has sued the Defendants, state judicial officials, in both their individual and official capacities. The Eleventh Amendment precludes Allred from maintaining a § 1983 claim against the Defendants in their official capacities because they are state officials and, therefore, her claims against them are considered to be claims against the State of North Carolina. Similarly, Allred's claims against the Defendants in their individual capacities arise out of their judicial actions and, as a result, are barred by the doctrine of judicial immunity. Therefore, it is appropriate to dismiss Allred's claims against all of the Defendants.

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign States." U.S. Const. amend. XI. The amendment guarantees that "nonconsenting States may not be sued by private individuals in federal court." *Garrett*, 531 U.S. at 363. The immunity applies to suits brought by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Additionally, state agencies and state officials sued in their official capacities are also entitled to Eleventh Amendment immunity because they are merely alter egos of the state itself. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Edelman*, 415 U.S. at 666–68.

Here, Allred has named five North Carolina District Court Judges as defendants in their official capacities. Suits against state officers in their official capacities are considered suits against the state and are barred by the Eleventh Amendment. *See Myers v. North Carolina,* No. 5:12–CV–714–D, 2013 WL 4456848, at *3 (E.D.N.C. Aug. 16, 2013) ("State agencies and state officials acting in their official capacities also are protected against a claim for damages because

a suit against a state office is no different from a suit against the state itself.") (citing *Regents of the Univ. of Cal.*, 519 U.S. at 429; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Edelman v. Jordan*, 415 U.S. 651, 666–68 (1974); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005)). Although Eleventh Amendment immunity can be waived by a state or abrogated by Congress, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989), there is no indication that either exception is applicable in this case. Therefore, the Defendants are immune from Allred's claims and her Complaint should be dismissed.

Likewise, Allred's claims against the Defendants in their individual capacities are barred by the doctrine of judicial immunity. It has long been settled that a judge is absolutely immune from a claim for damages arising out of his or her judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Judges are also immune from suits seeking injunctive relief. *See McCarty v. Jones*, No. 5:09-CT-3133, 2009 WL 8757960, *1 n.1 (E.D.N.C. Nov. 30, 2009). This immunity applies even when judge have taken actions "in excess of their jurisdiction, and [that] are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978).

The Supreme Court has recognized two exceptions to judicial immunity. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The question of "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* (citing *Stump*, 435 U.S. at 362; *Forrester v. White*, 484 U.S. 219, 227–229 (1988)). When analyzing whether a judge acted in the complete absence of all jurisdiction, the court must consider 'whether at the time [the

8

judge] took the challenged action he had jurisdiction over the subject matter before him," and, in answering that question, 'the scope of the judge's jurisdiction must be construed broadly....'" *King v. Myers*, 973 F.2d 354, 357 (4th Cir. 1992) (quoting *Stump*, 435 U.S. at 356).

A review of the Complaint demonstrates that all of the actions that form the basis of Allred's claims are judicial in nature and that the Defendants were not acting in the complete absence of jurisdiction. All of the events and judicial decisions Allred complains of took place within the context of her custody and family law disputes with the fathers of her children. Managing and resolving disputes that arise over child custody or other aspects of a dissolved marital relationship are at the core of the judicial function and, therefore, the actions of the judges were not taken in clear absence of all jurisdiction. Thus, Allred's claims against Judges Harper, Menefee, Jarrell, Foster, and Reingold, are barred by judicial immunity and should be dismissed.

## III. Conclusion & Recommendation

For the reasons stated above, Allred's application to proceed *in forma pauperis* is granted and it is recommended that the court dismiss her Complaint without prejudice.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Allred. She shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3);

9

Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Allred does not file written objections to the Memorandum and Recommendation by the foregoing deadline, she will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, her failure to file written objections by the foregoing deadline will bar her from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: June 26, 2015

                                                    */s/ Robert T. Numbers II*
                                                    ROBERT T. NUMBERS, II
                                                    UNITED STATES MAGISTRATE JUDGE