IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-117-D

| | | |
|---|---|---|
| AMY ELIZABETH ALLRED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JANE V. HARPER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 29, 2015, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 4]. In that M&R, Judge Numbers recommended that plaintiff's application to proceed in forma pauperis be allowed, and that plaintiff's complaint be dismissed without prejudice. On June 29, 2015, plaintiff refiled her complaint and its attachments [D.E. 5]. On July 16, 2015, plaintiff filed an amended complaint [D.E. 6]. The court construes the refiled complaint and the amended complaint [D.E. 5, 6] as objections to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

Amy Elizabeth Allred ("Allred" or "plaintiff"), an attorney proceeding pro se, seeks to recover compensatory and punitive damages under 42 U.S.C. § 1983 from five North Carolina district court judges who presided over various aspects of her child custody proceedings. Allred also

seeks an injunction nullifying a state-court order directing Allred to undergo a substance abuse assessment, a mental health evaluation, and the appointment of a guardian ad litem, and nullifying all state-court orders regarding the custody of her children and the termination of her parental rights.

The court has reviewed the objections and the M&R de novo. The court does not adopt the M&R's discussion of the domestic relations exception. That exception derives from construction of the diversity jurisdiction statute (28 U.S.C. § 1332). See Ankenbrandt v. Richards, 504 U.S. 689, 700–01 (1992). Thus, the domestic relations exception "is applied only as a judicially implied limitation on diversity jurisdiction; it has no . . . application as a limitation on federal question jurisdiction." United States v. Johnson, 114 F.3d 476, 481 (4th Cir. 1997); see Atwood v. Fort Peck Tribal Court Assiniboine, 513 F.3d 943, 947 (9th Cir. 2008). Because Allred bases her complaint on federal question jurisdiction by invoking 42 U.S.C. § 1983 and 28 U.S.C. § 1331, the domestic relations exception does not limit this court's subject-matter jurisdiction.

Nonetheless, defendants (who are all state-court judges sued for actions taken in their judicial capacities) are entitled to immunity from damages in their individual and official capacities. See, e.g., Rehberg v. Paulk, 132 S. Ct. 1497, 1503 (2012); Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Stump v. Sparkman, 435 U.S. 349, 356–64 (1978); Pierson v. Ray, 386 U.S. 547, 553–54 (1967); King v. Myers, 973 F.2d 354, 356–58 (4th Cir. 1992). Moreover, the Rooker-Feldman doctrine precludes this court from sitting in review of the state-court orders and nullifying them. See, e.g., Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Adkins v. Rumsfeld, 464 F.3d 456, 463–64 (4th Cir. 2006); Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005).

In sum, plaintiff's application to proceed in forma pauperis is GRANTED, but plaintiff's

2

complaint and amended complaint are DISMISSED. Finally, because Allred names her minor children in the caption of her amended complaint, the clerk shall seal Allred's amended complaint [D.E. 6]. See Fed. R. Civ. P. 5.2. The clerk shall close the case.

SO ORDERED. This 23 day of July 2015.

*James Dever*
JAMES C. DEVER III
Chief United States District Judge

3

Case 7:15-cv-00117-D   Document 7   Filed 07/23/15   Page 3 of 3